IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00425-D

| | |
|---|---|
| **Randy Dingle**, Plaintiff, v. **Judge Talmage S. Baggett**, et al. Defendants. | **Order** |

Plaintiff Randy Dingle claims that the 75 Defendants named in his complaint conspired to take his home, destroy his marriage, and violate his rights. Pending before the court are several motions that seek to admit additional evidence and several others seeking entry of default or a default judgment. The court grants the motions to admit additional evidence and will consider those materials as appropriate. But Dingle is not entitled to entry of default or a default judgment against any of the defendants, so those motions are denied.

**I.  Background**

From about 2015 to mid-2018, Dingle alleges that the Defendants worked together as a "criminal human organization" to violate his rights of life, liberty, and property. Compl. at 22–23, D.E. 1. His claims relate to a court proceeding in which Dingle lost his mobile home and other personal property to bankruptcy. He says the judge did not give him a fair and honest hearing and court staff prevented him from filing documents. *Id.* ¶¶2−3. Multiple judges and attorneys, including Dingle's own attorneys, violated their oaths of office, conspired against him and tried to extort him. *Id.* ¶¶4–6, 10, 12, 19. Dingle had been to bankruptcy court before and believes he should not have been brought back to court a second time. *Id.* ¶11.

In August 2018, the Cumberland County Sheriff's Office arrested Dingle and his wife on their property without a warrant, took them to the detention center, and falsely charged them. *Id.* ¶13. Dingle paid bond for him and his wife, but they could not return to his mobile home because the Sheriff had confiscated it for failure to make mortgage payments. *Id.* ¶14.

His wife then disappeared. *Id.* ¶¶14–15. She was last seen with Addie Smallwood and Larry Freeman, and Dingle believes they were involved with his wife's kidnapping. *Id.* ¶15. Dingle says that his wife, his wife's children, and his wife's sister conspired to commit fraud against him by forging his signature, impersonating him, and tampering with state and federal documents. *Id.* ¶16. And at least two other defendants tried to disrupt Dingle's marriage. *Id.* ¶¶2, 7.

Dingle went to the Cumberland County Sheriff's Office to file a missing persons report for his wife, but deputies did not take the report and told Dingle to leave the building. *Id.* ¶20. Dingle mailed a complaint about the Sheriff's Office to the Cumberland County Commissioners but did not receive a response. *Id.* ¶22. The Bertie County Sheriff's Office also refused to take a missing persons report for Dingle's wife. *Id.* ¶25.

Dingle brings a slew of claims, including mortgage fraud, tampering and misleading of facts, abuse of authority, extortion, trespassing, aiding and abetting, mail fraud, electronic fraud, conspiracy, encroachment, failure to respond, false imprisonment, obstruction of justice, denial of due process, and deprivation of rights to property. *Id.* ¶27. He also alleges each defendant played a role in the disappearance of his wife of 43 years. *Id.*

## II. Analysis

### A. Motions to Admit Evidence

Dingle asks the court to admit certain evidence supporting his claims. D.E. 127, 197, 202. The first is a letter from Dingle to Gina Hawkins, several Sheriff's Office civil receipts, and various

receipts and certificates of mailing from the United States Postal Service. D.E. 127. The next consists of a letter from R. Gregg Edwards regarding Dingle's prior bankruptcy case, a certificate of title, an order and judgment by Judge Talmage Baggett, and additional USPS certified mail receipts. D.E. 197. And finally, Dingle submits a deed and more USPS receipts. D.E. 202.

These motions are granted. The court will consider them as appropriate in resolving Dingle's other pending motions.

### B. Motions for Entry of Default

Dingle has filed nine motions for entry of default. These motions are against Darren Whitehurst (D.E. 85), David Moore, Jr. (D.E. 98), Benjamin James (D.E. 99), Jeffery Jerome Spivey (D.E. 100), Johnnie Mack Spivey (D.E. 101), Francis Keith Spivey (D.E. 103), Linwood James (D.E. 102), Linwood Edwards (D.E. 104), and Maxine Denise Melvin (D.E. 105). These defendants are all private individuals.

Under the Federal Rules, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default . . . may be entered against a defendant." *Md. State Firemen's Ass'n* v. *Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). The plaintiff bears the burden of establishing that service of process was effective. *Ayres* v. *Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 261 (D. Md. 2015).

According to this court's Local Rules, to obtain an entry of default under Rule 55(a), a party must file a motion, a proposed order, and an affidavit that "describes with specificity how each allegedly defaulting party was served with process in a manner authorized by Fed. R. Civ. P. 4 and the date of such service." Local Rule 55(a)(1), E.D.N.C. The moving party must also serve

3

his motion for entry of default and proposed order on any party that failed to appear and all other parties in accordance with Fed. R. Civ. P. 5. *Id.*

Rule 4 requires proof of service in the form of an affidavit by the server, unless service is by a United States Marshal or deputy marshal. Fed. R. Civ. P. 4(l). Dingle submits USPS certified mail receipts and return receipts as proof of service for these defendants. D.E. 42 & 44. Dingle completed no Rule 4(l) affidavits with any of his motions. And he has submitted no affidavits that comply with the requirements of this court's Local Rules.

Without proving that he properly served the defendants, Dingle is not entitled to an entry of default. *See, e.g.*, *Dahl* v. *Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) (where plaintiffs "have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper"). Dingle has not properly served these defendants. Thus, Dingle's motions for entry of default (D.E. 85, 98, 99, 100, 101, 102, 103, 104, 105) are denied.

**C.     Motions for Default Judgment**

Dingle also filed 14 motions for default judgment against Defendants Elizabeth James-Kilgore (D.E. 129), Donald Melvin (D.E. 130), Eugene Benjamin Carter (D.E. 131 & 182), Timothy Peterkin (D.E. 139), Bill Butler (D.E. 172 & 179), William West, Jr. (D.E. 174), Mark Rowden (D.E. 175), Meryl Carter Maynor (D.E. 176), Connell Maynor (D.E. 177), Jacquelyn Faye Carter (D.E. 178), Patricia Dingle (D.E. 192), and James Edward Spivey (D.E. 204). A separate motion for default judgment alleges Eugene Benjamin Carter, Meryl Carter Maynor, Connell Maynor, and Jacquelyn Faye Carter responses were untimely and thus the court should void their motions to dismiss. D.E. 173.

The court cannot grant a motion for default judgment if it has not first entered default. "[T]o obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." *Cameron* v. *MTD Prods., Inc.*, No. 5:03–CV–75, 2004 WL 3256003, at *2 (N.D.W. Va. Jan. 7, 2004); *accord Eagle Fire, Inc.* v. *Eagle Integrated Controls, Inc.*, No. 3:06–CV–264, 2006 WL 1720681, at *5 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Dingle did not file a motion for entry of default for any of these Defendants. Thus, all of Dingle's motions for default judgment (D.E. 129, 131, 139, 172, 173, 174, 175, 176, 177, 178, 179, 182, 192, 204) are denied.

### III. Conclusion

For all these reasons, Dingle's motions to admit evidence (D.E. 127, 197, 202) are granted and his motions for entry of default (D.E. 85, 98, 99, 100, 101, 102, 103, 104, 105) and motions for default judgment (D.E. 129, 130, 131, 139, 172, 173, 174, 175, 176, 177, 178, 179, 182, 192, 204) are denied.

Dated: July 28, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge